1 | Cristina C. Arguedas (CSB 87787)
2 | Ted W. Cassman (CSB 98932)
  | Michael W. Anderson (CSB 232525)
3 | ARGUEDAS, CASSMAN & HEADLEY LLP
  | 803 Hearst Avenue
4 | Berkeley, CA 94710
  | Telephone:   (510) 845-3000
5 | Facsimile:   (510) 845-3003

7 | *Attorneys for Defendant Ali Hariri*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  10-CR-173 (RJH) |
| Plaintiff, | |
| v. | Date:   July 12, 2010 |
| | Time:   4:30 P.M. |
| ALI HARIRI, | Court:  Courtroom 17B |
| Defendant. | |

**DEFENDANT ALI HARIRI'S SUPPLEMENTAL**

**SENTENCING MEMORANDUM**

## I.    INTRODUCTION

Mr. Hariri offers this Supplemental Sentencing Memorandum to assist the Court in evaluating the significance of 18 U.S.C. Section 3553(a)(6), which requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  This Memorandum provides additional details on cases from the last four years in which a judge in the Southern District sentenced a non-cooperating, insider trading defendant to a term below the applicable Sentencing Guidelines range.  Table 1 summarizes these cases.

Table 1 - Summary of Twelve Defendants Sentenced Below The Guidelines Range

| Name | Guidelines | Sentence imposed |
|---|---|---|
| Frederick Bowers | 12-18 months | 3 years probation |
| Ruopian Chen | 30-37 months | 18 months prison |
| Randi Collotta | 12-18 months | 60 days prison, 6 months home confinement |
| James Gansman | 41-51 months | 12 months and 1 day prison |
| Robert Goehring | 10-16 months | 2 years probation, 5 months home detention |
| Eric Holzer | 12-18 months | 5 years probation, 270 days residential reentry center |
| Michael Koulouroudis | 18-24 months | 3 months prison, 3 months home confinement |
| Mark Kurland | 30-37 months | 27 months prison |
| John Marshall | 46-57 months | 18 months prison, 1 year home confinement |
| Ken Okada | 30-37 months | 3 years probation |
| George Paparrizos | 6-12 months | 3 years probation, 6 months home confinement |
| Xujia Wang | 30-37 months | 18 months prison |

These cases show that non-cooperating, insider trading defendants in this District frequently receive sentences below the applicable Guidelines range. Accordingly, the Court should sentence Mr. Hariri to a term below the applicable Guidelines range to avoid unwarranted disparity with those other defendants' sentences.

## II.   ADDITIONAL INSIDER TRADING CASES IN WHICH DEFENDANTS WERE SENTENCED BELOW THE GUIDELINES RANGE

### A.   John Marshall, 08-CR-924 (LTS)

John Marshall was a professor in finance and economics at several business schools in New York and Vice Chairman of the Board of Directors of International Stock Exchange ("ISE"), a Manhattan-based options and stock exchange.  Information at 2-3.[1] Like Mr. Hariri, Marshall was a tipper who passed on inside information he obtained from the company for which he worked.  Through his position at ISE, Marshall obtained inside information concerning a potential ISE merger with another exchange.  *Id.* at 3. Marshall gave this information to a co-conspirator, who placed trades resulting in a profit of approximately $1 million.  *Id.* at 5.  Marshall pleaded guilty to one count of conspiracy to commit securities fraud.  Judgment at 1.[2]  The applicable Guidelines range was 46 to 57 months.  *See* Exhibit A, Sentencing Transcript at 14.  On December 15, 2008, Judge Swain sentenced Marshall to eighteen months in prison and one year of home confinement.  Judgment at 2, 5.

### B.   Ruopian Chen and Xujia Wang, 07-CR-00730 (CM)

Wang and Chen, husband and wife, were both vice presidents and financial

---

[1] Information filed September 25, 2008, Docket Entry # 21.

[2] Judgment filed December 18, 2008, Docket Entry # 28.

analysts at financial services companies. Information at 1-2.[3] Like Mr. Hariri, Wang was a tipper who obtained inside information by virtue of her employment. Unlike Mr. Hariri, Wang and Chen also took steps to hide their trading by using an account set up in another name. Wang, at Morgan Stanley, learned of the company's potential acquisition of three other entities, and passed the information to Chen. *Id.* at 5-6. Chen traded on the securities of these entities and earned profits of more than $600,000. *See* United States Attorney's Press Release, December 4, 2007 at 2.[4] To hide the activity from their employers, Wang and Chen conducted the trades through an account established in the name of Wang's mother. *Id.* They each pleaded guilty to one count of conspiring to commit insider trading and three counts of insider trading. Wang Judgment at 1; Chen Judgment at 1.[5] Each faced a Guidelines range of 30 to 37 months. *See* Government's Sentencing Memorandum at 1.[6] On December 4, 2007, Judge McMahon sentenced each to 18 months imprisonment. Wang Judgment at 2; Chen Judgment at 2.

   C.   Frederick Bowers, 09-CR-496 (GBD)

Frederick Bowers was a sales representative at a multinational investment bank and broker-dealer in New York. Information at 1.[7] Like Mr. Hariri, Bowers was a tipper. Unlike Mr. Hariri, he received cash in exchange for the inside information. Bowers obtained inside information about two mergers and acquisitions from a co-conspiring

---

[3] Information filed August 7, 2007, Docket Entry #27.

[4] http://www.justice.gov/usao/nys/pressreleases/December07/wangandchensentencingpr.pdf

[5] Judgments filed December 11, 2007, Docket Entries #34, #35.

[6] Govt. Sentencing Memorandum filed December 3, 2007, Docket Entry #33.

[7] Information filed May 14, 2009, Docket Entry #12.

business partner. *Id.* at 4-5. Bowers passed the information to a client of his, who traded on the information and earned approximately $123,965 in profits. Bowers Sentencing Memorandum at 9, 15, 17. In exchange for the information, the client paid Bowers and his partner approximately $12,000. *Id.* at 6. Bowers pleaded guilty to one count of conspiracy to commit securities fraud and one count of securities fraud. Judgment at 1.[8] Based on an offense level of 13, and a criminal history category of I, Bowers faced a Guidelines range of 12 to 18 months. *See* Exhibit B, Sentencing Transcript at 19. On September 16, 2009, Judge Daniels sentenced him to three years of probation. Judgment at 2.

**D.   Robert Goehring, 05-CR-00209 (JES)**

Robert Goehring was the director of corporate communications at Gerber Scientific, Inc., where he was responsible for drafting press releases, among other things. Indictment at 1-2.[9] As a result of his position, he obtained inside information on the status of Gerber's business affairs, including quarterly earnings. *Id.* On several occasions, he placed trades on Gerber stock in advance of the company's announcements concerning such information. *Id.* at 3-7. He also provided inside information to a friend, as a gift, and because of their friendship. *Id.* at 2. Goehring made almost $50,000 in profits, and avoided losses of more than $50,000. *See* United States Attorney's Press Release, March 1, 2005, at 1.[10] His tippee earned profits of approximately $4,875 and avoided losses of approximately $8,313. Indictment at 6.

---

[8] Judgment filed September 17, 2009, Docket Entry #19.

[9] Indictment filed February 24, 2005, Docket Entry #1.

[10] http://www.justice.gov/usao/nys/pressreleases/March05/goehringindictmentpr.pdf

Goehring pleaded guilty to four counts of securities fraud. Judgment at 1.[11] He faced a Guidelines range of 10 to 16 months. Goehring Sentencing Memorandum at 1.[12] On November 21, 2006, Judge Sprizzo sentenced him to two years of probation, including five months of home detention. Judgment at 1.

### E.   Michael Koulouroudis, 09-CR-440 (PGG)

Michael Kouloroudis was a businessman who owned an export company in Brooklyn. Koulouroudis Sentencing Memorandum at 9.[13] Over a period of two years, he received inside information on several potential mergers and acquisitions from a friend who was an investment banker at UBS. Superseding Indictment at 3-4.[14] Koulouroudis traded on the information using multiple trading accounts, and made profits of nearly $200,000. *See* United States Attorney's Press Release, November 10, 2009 at 1.[15] He pleaded guilty to one count of conspiracy to commit securities fraud and one count of securities fraud. Judgment at 1.[16] The Guidelines range was 18 to 24 months. Koulouroudis Sentencing Memorandum at 2. On April 9, 2010, Judge Gardephe sentenced Koulouroudis to a term of three months imprisonment and three months of home confinement. Judgment at 2, 4.

### F.   George Paparrizos, 09-CR-400 (PAC)

George Paparrizos was a product and project manager for a technology firm in

---

[11] Judgment filed November 7, 2006, Docket Entry #30.

[12] Goehring Sentencing Memorandum filed October 31, 2006, Docket Entry #29.

[13] Koulouroudis Sentencing Memorandum filed March 9, 2010, Docket Entry #28.

[14] Superseding Indictment filed October 15, 2009, Docket Entry #18.

[15] http://www.justice.gov/usao/nys/pressreleases/November09/koulouroudismichaelpleapr.pdf

[16] Judgment filed April 14, 2010, Docket Entry #32.

Silicon Valley. Paparrizos Sentencing Memorandum at 2.[17] Like Koulouroudis, he received inside information on potential mergers and acquisitions from the same investment banker at UBS. Information at 3.[18] Paparrizos traded on the information, earning profits of approximately $21,000. Paparrizos Sentencing Memorandum at 24. He pleaded guilty to one count of conspiracy to commit securities fraud and one count of securities fraud. Judgment at 1.[19] Paparrizos faced a Guidelines range of 6 to 12 months. Paparrizos Sentencing Memorandum at 8. On August 6, 2009, Judge Crotty sentenced him to three years of probation and six months of home confinement. Judgment at 2-3.

## III.    ADDITIONAL DETAIL ON PREVIOUSLY-DISCUSSED CASES

Mr. Hariri's initial Sentencing Memorandum briefly discussed the cases of James Gansman, Eric Holzer, Ken Okada, and Randi Collotta at page 23. This Supplemental Memorandum provides additional detail on those cases.

### A.    James Gansman, 08-CR-471 (MGC)

James Gansman was a partner and lawyer at the accounting firm of Ernst & Young, LLP. Superseding Indictment at 1-2.[20] Like Mr. Hariri, he obtained confidential information as a result of his position, and passed the information to a tippee. The tippee, an investment banker and Gansman's girlfriend, made trades resulting in profits

---

[17] Paparrizos Sentencing Memorandum filed July 30, 2009, Docket Entry #19.

[18] Information filed April 21, 2009, Docket Entry #16.

[19] Judgment filed August 7, 2009, Docket Entry #21.

[20] Second Superseding Indictment filed February 26, 2009, Docket Entry #24.

of between $200,000 and $400,000.[21]  After a six-day jury trial, Gansman was convicted of six counts of insider trading.  Judgment at 1.[22]  He initially faced a Guidelines range of 41 to 51 months based on the presentence report, but Judge Cedarbaum found that the two-point enhancement for abuse of trust under U.S.S.G. § 3B1.3 did not apply, thereby reducing his Guidelines range to 33 to 41 months.  *See* Exhibit C, Sentencing Transcript at 3, 11.  On February 8, 2010, Judge Cedarbaum sentenced him to one year and one day in prison.  Judgment at 2.

### B.  Eric Holzer, 09-CR-470 (VM)

Eric Holzer was an associate attorney at a large, international law firm in New York.  Information at 1.[23]  He obtained inside information about two mergers and acquisitions from a co-conspirator, who had obtained the information from his spouse.  *Id.* at 4.  Holzer placed trades based on the information, and made profits of more than $100,000.  *Id.* at 8, 10.  Holzer also made at least one cash payment to his co-conspirator for providing the inside information.  *Id.* at 5.  Holzer pleaded guilty to one count of conspiracy and one count of insider trading.  Judgment at 1.[24]  Holzer reportedly faced a Guidelines range of 12 to 18 months.  *See* Exhibit D, "Former Paul Hastings Tax Associate Spared Prison for Insider Trading."  On September 29, 2009, Judge Marrero sentenced him below the Guidelines range to probation and 270 days in

---

[21] The Superseding Indictment alleged that Gansman's tippee made more than $300,000 in profits.  Superseding Indictment at 9-13.  The parties disputed the exact amount at the sentencing hearing, but the approximate range of $200,000 to $400,000 was not disputed.  *See* Exhibit C, Sentencing Transcript at 15-16.

[22] Judgment filed February 25, 2010, Docket Entry #42.

[23] Information filed May 7, 2009, Docket Entry #14.

[24] Judgment filed October 1, 2009, Docket Entry #24.

a residential reentry center.  Judgment at 2-3.

**C.    Ken Okada, 07-CR-144 (DC)**

Ken Okada was a registered representative at Bear Stearns & Co.  Indictment at 1.[25]  The Indictment alleged that, based on inside information obtained from a source at Morgan Stanley, Okada told a relative to place various trades in anticipation of acquisitions and mergers.  *Id.* at 4-5.  The Indictment alleged that the relative made profits of approximately more than $300,000.  *Id.* at 5-6.  Okada pleaded guilty to one count of conspiracy to commit securities fraud and one count of securities fraud pertaining to a trade he conducted by himself.  Judgment at 1.[26]  In that trade, Okada knew that another co-conspirator was making a trade based on inside information.  Indictment at 11.  Okada made the same trade for a profit of approximately $2,000.  *Id.*  Okada faced a Guidelines range of 30 to 37 months.  *See* Exhibit E, Sentencing Transcript at 3.  On May 6, 2008, Judge Chin sentenced him to a term of three years of probation and twelve months of home confinement.  Judgment at 2-3.

**D.    Randi Collotta, 07-CR-143 (VM)**

Randi Collotta was the Morgan Stanley attorney who provided inside information to her husband and others, including Okada, both directly and indirectly.  Indictment at 1;[27] United States Attorney's Press Release, May 10, 2007 at 1-2.[28]  She passed on information about several mergers and acquisitions she learned about as a result of her position at Morgan Stanley and her relationships to its clients.  Indictment at 3.  Relying

---

[25] Indictment filed February 26, 2007, Docket Entry #1.

[26] Judgment filed May 8, 2008, Docket Entry #20.

[27] Indictment filed February 26, 2007, Docket Entry #1.

[28]  http://www.justice.gov/usao/nys/pressreleases/May07/collottaspleapr.pdf

on the information Collotta provided, various direct and indirect tippees made trades resulting in more than $600,000 in profits.  *See* Exhibit F, Sentencing Transcript at 4.  One direct tippee traded on the information and shared the profits with Collotta and her husband.  Indictment at 4-5.  Collotta pleaded guilty to one count of conspiracy to commit securities fraud and one count of securities fraud.  Judgment at 1.[29]  However, the government agreed that she would be sentenced only based upon gains to the direct tippee, whose profits were less than $40,000.  *See* Exhibit F, Sentencing Transcript at 5.  As a result, she faced a Guidelines range of 12-18 months.  *See id*. at 4.  On October 4, 2007, Judge Marrero sentenced Collotta to 60 days in prison, four years of probation, and six months of home confinement.  Judgment at 2-4.

## III.     CONCLUSION

This survey demonstrates that over the last four years, at least twelve defendants in comparable insider trading cases in this District have received sentences below the applicable Guidelines range.  To avoid disparity between these sentences and that of Mr. Hariri, we respectfully request that the Court also sentence Mr. Hariri to a term below the applicable Sentencing Guidelines range.

Dated:  July 2, 2010                              Respectfully submitted,

                                                                          ARGUEDAS, CASSMAN & HEADLEY LLP

                                                                          /s/
                                                                          Cristina C. Arguedas
                                                                          Attorneys for Defendant Ali Hariri

---

[29] Judgment filed October 16, 2007, Docket Entry #28.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July 2010 I caused to be served a true and accurate copy of the foregoing Defendant Ali Hariri's Sentencing Memorandum through this Court's CM/EFC system, thereby sending notification of such filing electronically to all registered counsel.

By:   /s/

Cristina C. Arguedas
Attorney for Defendant Ali Hariri
803 Hearst Avenue  Berkeley, CA 94710
(510) 845-3000